# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR ALL HOSPITAL, et al.,<br><br>Defendants. | Case No. 1:22-cv-01642-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 13) |

Plaintiff Israel Maldonado Ramirez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 1, 2023, the Court issued a screening order finding that Plaintiff's complaint failed to state a claim upon which relief can be granted. (ECF No. 10.) The Court ordered Plaintiff to file a first amended complaint within thirty days and warned, "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (Id. at 9.)

Therefore, on March 13, 2023, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed. (ECF No. 13.) On April 3, 2023, Plaintiff filed a one-page affidavit which does not materially address the Court's screening order or order to show cause. (ECF No. 14.) To this end, Plaintiff states "I have love for you to continue with the process of getting me out today with a tort claim that I have to put on if the lawsuit I put against you to go forward." (Id. at 1.) Accordingly, dismissal of the action for failure to state a

cognizable claim and failure to comply with a court order by filing an amended complaint is warranted.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Complaints must also comply Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," and that "each allegation must be

simple, concise, and direct." Fed. R. Civ. P. 8 (a)(1), (d)(1). See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. See McHenry v. Renne, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

## II.
## SUMMARY OF ALLEGATIONS

Plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's rambling fifteen-page complaint is incoherent and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court has carefully reviewed Plaintiff's complaint, but because the complaint is largely illegible and incoherent, the Court is unable to understand the nature of Plaintiff's claims as he does not provide a short and plain statement clearly stating the facts from which her claims arise. Accordingly, the Court will not attempt to summarize the allegations, as it is nearly impossible to do so given the lack of clarity of Plaintiff's allegations and failure to comply with Rule 8.

To illustrate, Plaintiff writes deliberate indifference and alleges, in pertinent part:

> [T]he 5150 code was never active to be there just because I did a complaint of my condition of what I was doing. Because they want me to avill [sic] of having no medical treatment for what I need for my medical treatment I want them sued for everything. [T]hey didn't let me go from there because I have a rep of seduced women with no regard for other men. [T]hey don't want to do the right thing for me and others for me. [T]hey don't have a Blue print to use for them no power for them. [T]hey have to do it today to

get rid of them all Joe Defendants and I want cause of effect to be release never done by … or hospital code too!

(Compl. at 3, ECF No. 1.)

Plaintiff also writes "not proper action for me," and alleges, in pertinent part:

[T]here [is] deliberate indifference in the case of put[t]ing rat poison in my good with intent and with magic by the Defendants Khale Quick and Graza the Defendant keep tortfessing the food for me to be ill.  I want it to stop! But they won't do it and they won't do it to stop! I want them to and they keep in doing it everyday I want a cleanssinge of the food that is provide.

(Compl. at 5, ECF No. 1.)

## III.

## DISCUSSION

### A.   Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741.  From the face of Plaintiff's Complaint, it is clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal....") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied

4

in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' ") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

The Supreme Court has held that there are no "special circumstances" exceptions to the exhaustion requirement. Ross v. Blake, 578 U.S. 632, 641 (2016). However, the one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. As described by the Ross Court:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S. at 736, 738, 121 S.Ct. 1819 .... Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use.... And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.... As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 643-44.

It appears that Plaintiff may not have exhausted the administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit. Plaintiff states that there is an administrative grievance procedure at the Madera County Jail. However, he states that he did not submit an request for administrative review stating, "they didn't have to do me like this to leave with remedies of no complaint for me to do only to do the worse thing to me I couldn't do it on time cause they wouldn't let me." (Compl. at 3.) Plaintiff also states that he didn't exhaust "[b]ecause they didn't let me do it and I wanted to do it for myself to me." (Id. at 4.) Thus, it appears Plaintiff may have failed to exhaust his administrative remedies before filing suit. Nonetheless, even if Plaintiff exhausted the administrative remedies, Plaintiff has failed to state a cognizable claim for relief.

**B.      Deliberate Indifference to Serious Medical Need**

As Plaintiff is and was incarcerated at the Madera County Jail at the time of the incidents, the Court presumes he is a pretrial detainee.

The Ninth Circuit has held that the objective, not subjective, deliberate indifference standard applies when evaluating a pretrial detainee's medical care claim. See Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (holding claims for violations of the right to adequate medical care for pretrial detainees are evaluated under the objective standard set forth in Castro v. County of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016).) The elements of a detainee's medical care claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. Gordon, 888 F.3d at 1124-1125.

The "mere lack of due care" by a defendant does not deprive an individual of his rights under the Fourteenth Amendment. Castro, 833 F.3d at 1071 (citations omitted). "Thus, the plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.' " Gordon, 888 F.3d at 1125 (citations omitted). Hence gross negligence, a difference in medical opinion, malpractice, and misdiagnosis does not establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Thompson v. Worch, 6 F. App'x 614, 616 (9th Cir. 2001); Anchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); and DiMarzio v. Jacobs, 162 F. App'x 774, *1 (9th Cir. 1989).

Plaintiff makes vague reference to the fact that he has not received proper medical treatment. However, Plaintiff has alleged no specific facts to demonstrate that any individual placed him at a substantial risk of serious harm. Plaintiff's claim is simply too vague to give rise to a cognizable medical claim under the Fourteenth Amendment. Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

///

**C.    Poisoning of Food**

Plaintiff makes vague reference to the poisoning of his food.

The Court shall review the Fourteenth Amendment jurisprudence for Plaintiffs who are all pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535, n.16 (1979) (holding that when pretrial detainees challenge the condition of their confinement, the question is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment); see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Bell, 441 U.S. at 535 n.16) (holding that the claims of pretrial detainees "are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment."). The Fourteenth Amendment, furthermore, provides more protection than the Eighth Amendment because is "prohibits *all* punishment of pretrial detainees." Vasquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004)).

For any particular governmental action to constitute punishment "(1) that action must cause the detainee to suffer from harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery, 378 F.3d at 1029. "If a particular condition or restriction of pre-trial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " Bell, 441 U.S. at 539. In order to "constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." Demery, 378 F.3d at 1030.

Under the Supreme Court's decision in Bell, a jail's primary obligations are to provide "adequate food, clothing, shelter, sanitation, medical care and personal safety." Bell, 441 U.S. at 529 n.11.

Plaintiff's vague and conclusory claim that Defendants Khale, Quick, and Graza poisoned his food is insufficient to give rise to a constitutional violation under the Fourteenth Amendment. Without any factual details surrounding the alleged poisoning of his food, the Court cannot determine whether Plaintiff's claim is plausible under Iqbal, 556 U.S. at 679.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

**D.     Release from Custody**

Section 1983 provides a remedy for the violation of constitutional rights by any person acting under color of state law. 42 U.S.C. § 1983; see, e.g., Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 is not a vehicle for challenging the validity of confinement. See, e.g., Skinner v. Switzer, 562 U.S. 521, 533–34 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Complaints for relief turning on the circumstances of a prisoner's confinement may be brought in a § 1983 action. See Skinner, 562 U.S. at 533–34; Nettles, 830 F.3d at 927.

The exclusive remedy for a prisoner seeking immediate or speedier release from confinement, however, is a writ of habeas corpus. See Skinner, 562 U.S. at 533–34; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Because a habeas petition is the exclusive method by which a prisoner may seek release from custody, a temporary restraining order or injunction ordering a prisoner's release in a civil rights action is inappropriate. See, e.g., Henson v. Corizon Health, No. CV 19-04396-PHX-MTL (DMF), 2020 WL 2319937, at *1–2 (D. Ariz. May 11, 2020). If Plaintiff wishes to challenge the fact or duration of his confinement, he may file a petition for a writ of habeas corpus.

**IV.**

**FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's complaint, and on February 1, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 10.) Plaintiff did not file an amended complaint or otherwise respond to the Court's February 1, 2023 order. Therefore, on March 13, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF

No. 13.) Plaintiff failed to respond to the March 13, 2023 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of February 1, 2023 and has not done so. Accordingly, the operative pleading is the December 28, 2022 complaint which has been found not to state a cognizable

claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's February 1, 2023 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 10.) In addition, the Court's March 13, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint or

respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the February 1, 2023 and March 13, 2023 orders, and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 4, 2023**

UNITED STATES MAGISTRATE JUDGE